IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KELLYANN SINGLETON,

Plaintiff,

v.

Civil Action No.
5:15-CV-1527 (DEP)

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| FOR PLAINTIFF | |
| OLINSKY LAW GROUP<br>300 S. State Street<br>5th Floor, Suite 520<br>Syracuse, NY 13202 | NATHANIEL V. RILEY, ESQ.<br>HOWARD D. OLINSKY, ESQ. |
| FOR DEFENDANT | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | KAREN T. CALLAHAN, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on October 18, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: October 18, 2016
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------x

KELLYANN SINGLETON,

Plaintiff,

vs. 5:15-CV-1527

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---------------------------------------------x

Transcript of a **Decision** held on October 18, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff: OLINSKY LAW GROUP
Attorneys at Law
300 S. State Street
Suite 420
Syracuse, New York 13202
BY: NATHANIEL V. RILEY, ESQ.

For Defendant: SOCIAL SECURITY ADMINISTRATION
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
BY: KAREN T. CALLAHAN, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8547*

(In Chambers, Counsel present by telephone.)

THE COURT: All right. I have before me a request for judicial review of an adverse determination by the Acting Commissioner pursuant to 42 United States Code Sections 405(g) and 1383(c)(3).

The background is as follows: Plaintiff was born in December of 1977, is currently 39 years old, was 34 at the onset of her alleged disability and 36 at the time of the hearing in this matter. She is right-handed, she stands 5-foot 7 inches tall, and weighs 287 pounds and has been diagnosed as being obese. She has a ninth grade education. While in school she was in special education classes, she has not achieved a GED. She began a course I believe in hairdressing but did not conclude it. She has difficulty in writing and spelling and some difficulties in counting. She drives, although she is limited by, mainly by ankle pain as well as pain in her shoulder, neck, and back.

She lives with her husband although her husband works at a remote location and is gone for substantial periods of time. She has a 16-year-old daughter at the time of the hearing, nine-year-old son, and a five-year-old son, and also lives with a friend. One of the children is disabled.

She was engaged in a motor vehicle accident in March of 1980 -- 2012, she had a slip and fall in January of

2012 and injured her right hand. It was diagnosed as a sprain or strain. She fell on the stairs in January of 2013 and injured her ankle. She suffers from right shoulder pain, lumbar pain, and has undergone treatment at SOS and New York Spine & Wellness Center, among others. She uses a TENS unit, has undergone injections, physical therapy, and medication. She also has treated at Upstate Bone & Joint Center for her ankle.

She last worked in April of 2008. She worked off and on from 2 -- from 1996 to 2004 as a cashier at various convenience stores. She left her telemarketing job due to pregnancy in 2008. Daily activities including, she is able to do certain functions including bathing, dressing, and housework, some cooking with the assistance of her friend. She shops utilizing a motorized cart.

The procedural history of this matter is that plaintiff applied for SSI benefits on August 13, 2012 alleging an onset date for disability of March 18, 2012. A hearing was conducted by Administrative Law Judge Elizabeth Koennecke, K-o-e-n-n-e-c-k-e, on February 19, 2014. ALJ Koennecke issued a decision on May 24, 2014 that -- I'm sorry, held a supplemental hearing, the hearing was initially adjourned from February to May 24, 2014. A decision was rendered on July 25, 2014, that became a final determination of the agency on October 19, 2015 when the Social Security

Administration Appeals Council denied plaintiff's request for review.

In her decision, ALJ Koennecke applied the progressive five-step test for determining disability.

At step one, found that plaintiff had not engaged in substantial gainful activity since her alleged onset date.

At step two, concluded that the plaintiff suffers from severe impairments that meet the regulation requirements for step two, including degenerative disk disease of the lumbar spine and a right shoulder impingement with a partial tendon tear.

In arriving at that conclusion, the ALJ rejected several other alleged conditions as not sufficiently limiting, including obesity, the wrist condition, an ankle condition, the gastroesophageal reflux disease, or GERD, neck pain and headaches, knee pain, and significantly, mental limitations.

When he reviewed -- when she reviewed the mental limitations, ALJ Koennecke surveyed the available evidence including consultative examinations, reports, from Dr. Christina Caldwell and Dr. Jeanne, J-e-a-n-n-e, Shapiro, as well as the state agency psychological consultant who reviewed available records, went through the so-called B criteria of the listings and concluded that plaintiff had only a mild limitation in the activities of daily living,

mild limitation in social functioning, mild limitation in concentration, persistence, or pace and no episodes of decompensation that would meet the requirements of the listings.

After surveying the records, the ALJ concluded the plaintiff did not meet or medically equal any of the listed presumptively disabling conditions including specifically 1.02, 1.04, 12.04, 12.05, and 12.06.

ALJ Koennecke next concluded that plaintiff retains the residual functional capacity to perform a full range of light work as defined in the regulations, and subject to in an eight-hour workday with normal breaks can stand and walk in combination for six hours and sit for six hours.

She then concluded at step four that plaintiff did not have any significant past relevant work, and at step five, utilizing the medical vocational guidelines or the grids set forth in the regulations and specifically grid rule 202.17, found that the plaintiff was not disabled at the relevant times.

As you know, my function is limited, the scope of review is fairly deferential. I must determine whether the Commissioner's determination is supported by substantial evidence and correct legal principles were applied.

First turning to listing 12.05, that listing was previously entitled mental retardation, it is now retitled as

intellectual disability. Clearly the 58 full scale IQ score qualifies under paragraph B of that listing; however, the listing also requires a showing that the plaintiff has deficits in adaptive functioning initially manifested during the developmental period, that is, the evidence demonstrates or supports onset of the impairment before age 22.

Let's discuss first the argument that the -- the school records should have been obtained to determine whether the deficits manifested themselves before age 22. There's normally a presumption under *Talavera*, absent any trauma or something that would explain a sudden onset of deficits in adaptive functioning, that they did in fact occur before age 22. In any event, any failure to obtain those records is harmless in this case because substantial evidence supports the finding that the plaintiff does not suffer from deficits in adaptive functioning. The definition of adaptive functioning is set forth in *Talavera*. Among other things, adaptive functioning refers to an individual's ability to cope with the challenges of ordinary everyday life.

In reviewing those deficits, and analyzing them, courts have held that if one is able to satisfactorily navigate activities such as living on one's own, taking care of children without help sufficiently well that they have not been adjudged neglected, paying bills, and avoiding eviction, one does not suffer from deficits in adaptive functioning.

In this case, it's clear, plaintiff, although she does have some help, she is able to take care of three children primarily while her husband is gone. The opinion of Dr. Shapiro at page 397 outlines her current functioning, she's able to dress, bathe, and groom, but may need help putting on her shirt at times, may need help getting out of the tub. She can put something in the microwave and prepare quick food, do limited general cleaning, needs help with laundry because she cannot bend, needs help shopping because she cannot do the walking, can manage money, can drive when she is not in too much pain. Socially she gets along well with family and friends, she spends her days doing light housework.

So substantial evidence supports the finding that the plaintiff does not have deficits in adaptive functioning. Most of her limitations are related to her physical condition rather than her mental or cognitive. This case is very similar to *Edwards v. Astrue*, case relied on by the Commissioner. In that case it's noted that a plaintiff who can dress, bathe, manage money, communicate effectively, do simple math and take care of personal needs does not suffer from adaptive deficits.

So I find that the conclusion she does not meet or medically equal listing 12.05 is supported by substantial evidence.

In terms of duty to develop the record, we've already talked about the medical records. In terms of physical records, I find no gaps. I agree that the regulations and case law supports the finding that the lack of a medical source statement from a treating source alone does not indicate a fatal gap in the record. The New York Spine & Wellness Center treatment records are complete from July 17, 2012 to April 15, 2014 without any gaps. There is significant treatment records from various other sources and a consultative examination report from Dr. Ganesh, and so I do not find any gaps in the record that should have required recontacting.

In terms of the residual functional capacity or RFC determination, I find that the physical components are supported by substantial evidence, including Dr. Ganesh's report. I would prefer to have seen a more precise medical source statement that fleshed out what was meant by gross limitations and mild to moderate limitations but the case law does support that mild to moderate limitation is not incompatible with light work and, as counsel for the Commissioner argued and indicated, the results of the physical examination, including the musculoskeletal examination, are not inconsistent with the RFC. And in terms of mental, Dr. Shapiro's report supports the finding that there are no mental limitations that would affect the ability

to perform unskilled work on which the grids are predicated.

There was also an argument regarding credibility. Obviously that's a matter for the Commissioner. In this case there was a fairly detailed, more detailed than I'm used to seeing, quite honestly, discussion of credibility at pages 31 through 33 of the administrative transcript. It was quite thorough and is supported by substantial evidence, in terms of the rejection of plaintiff's claims of disabling symptomology. It -- the discussion permitted judicial, meaningful judicial review and is supported by substantial evidence. I note that, as I indicated before, plaintiff left her prior job due to pregnancy, and on page 547 listed her occupation as a stay-at-home mother. The credibility determination is also supported by treatment records and clinical findings.

You know, I do agree that there, the sit-and-squirm jurisprudence argument perhaps contains merit but I find that it, any reliance on that is harmless in light of the overwhelming other evidence relied upon by, and cited by ALJ Koennecke.

So I will grant judgment on the pleadings to the defendant and order dismissal of plaintiff's complaint. I enjoyed working with both of you and I appreciate excellent oral arguments and this was an interesting case.

MS. CALLAHAN: Thank you, your Honor.

MR. RILEY: Thank you, Judge.

THE COURT: Thank you.

(Proceedings Adjourned, 10:42 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 18th day of October, 2016.

/S/ JODI L. HIBBARD

JODI L. HIBBARD, RPR, CRR, CSR
Official U.S. Court Reporter